[Civ. No. 5459.   Fourth Dist.   July 15, 1957.]

STADIUM RACING ASSOCIATION, INC. (a Corporation), Appellant, v. CITY OF SAN DIEGO, Respondent.

Donnelley, MacNulty & Butler for Appellant.

J. F. DuPaul, City Attorney, Alan M. Firestone, Chief Deputy City Attorney, and Frederick B. Holoboff, Deputy City Attorney, for Respondent.

GRIFFIN, J.—Plaintiff and appellant, a motor vehicle racing association, brought this action against the defendant, city of San Diego, for declaratory relief respecting a lease agreement between them whereby defendant leased to plaintiff for

five years, under a limited use lease, a portion of the city stadium located in Balboa Park in San Diego. Plaintiff also claims that the city violated the lease and seeks damages for such breach. The material provisions of the present lease, dated August 4, 1954, beginning January 1, 1955, and ending December 31, 1959, under paragraph 4, are as follows:

"AVAILABILITY. Lessee shall have the right to occupy the premises during the racing season which shall consist of such hours as are agreeable to City of each Wednesday evening for the period of May 21st through January 31st during the term of this agreement. Provided, however, that City hereby reserves the right to require Lessee to surrender to the City the use of said premises for any particular day by giving to Lessee of ten (10) days' written notice of such requirement. City shall have the right upon written application of Lessee to grant such other periods of time in which Lessee may occupy the premises either in lieu of or in addition to said Wednesday evenings."

It also provides that lessee agrees to conduct a minimum of 25 events each year; that the rental shall be $250 for each event or a percentage of the gross income, whichever sum is greater; and that lessee shall make the necessary improvements for their intended purpose. It is also provided that the lessee has the right of removal of the fixtures and improvements. There was also in evidence prior leases from June 28, 1939 to February 1st, 1940; from May 30, 1940, to October 31, 1940; from September 19, 1945, to January 19, 1947; from August 17, 1948, to December 31, 1953. Although somewhat similar in terms, paragraph 4 of the last lease was a modification of the provisions set forth in the other leases.

It appears that the most remunerative time for holding such races was during the summer season; that it was the custom for plaintiff to submit to the park and recreational director the particular days of each week, regardless of Wednesday, and also the months when plaintiff would desire the use of the stadium. Particular emphasis was laid on Saturday nights. The director would then cancel such days, according to other public uses, for which it had been assigned or reserved, and would notify plaintiff accordingly. On emergencies or when unexpected public use arose, plaintiff was notified and its date was canceled. On most occasions another date was assigned to plaintiff. Some of the prior leases did provide that in case of cancelation of Wednesday evenings, plaintiff could select another evening in lieu of Wednesday evening "in the

same week.'' The present lease omitted this quoted phrase. It appears, according to a resolution of the city council, that a public use of the entire stadium was necessary beginning May 20, 1956, to June 9, 1956, and from July 8, 1956, to August 15, 1956. On February 2d, 1956, plaintiff was given a notice in writing that on the Wednesday evenings during this period there could be no racing in this stadium and the city assigned other days to plaintiff (22 in number) in June, July, August and September.

The main complaint of plaintiff is that the Wednesday evenings taken from it under its lease were the most productive dates, and it is argued that although defendant city might cancel one Wednesday at a time, it was its duty, in lieu thereof, to substitute another day in that week, and it had no authority to cancel five or six consecutive Wednesdays in one notice; that the refusal of the city to grant plaintiff's application for the use of the stadium on Saturday evenings during that period was a breach of the agreement; that as a result of this plaintiff has been and, if this right is granted to defendant, plaintiff will suffer irreparable damage; that the city, by such action, might well make it possible for it to terminate the entire lease by this means. Damages are sought for $25,000.

The trial court, in construing the lease agreement, held that under it the action of the city was permissible; that the terms of the lease were unambiguous, certain, clear and reasonable; and that it did not need the aid of custom, extrinsic evidence or reference to the terms of other leases, in its interpretation or to determine the intent of the parties. The court specifically found that under the lease the plaintiff is entitled to a minimum of 25 events each year and defendant must accord plaintiff this right, but the lease does not prescribe the particular Wednesdays; and that defendant has no duty to grant to plaintiff the use of the stadium for one day in lieu of any Wednesday surrendered by plaintiff.

We are in accord with this finding and the judgment based thereon. Whether the several Wednesday evenings were canceled as to plaintiff by separate notices or by one notice would be immaterial. The fact that the city had, on previous occasions, substituted a day during that particular week in lieu of the Wednesday which was canceled, would not establish a right to a Saturday night reservation during the period in question. It does not appear that the actions of the city in providing for the public use of the stadium for the particular purpose desired constituted an intent to injure plaintiff, or

was intended as a means to ultimately cancel the lease, or that the action of the city was unreasonable. There were a sufficient number of Wednesday evenings and other evenings within or during that period when plaintiff could have the use of the stadium to comply with its lease agreement to hold 25 such events. It cannot reasonably be concluded from the language contained in paragraph 4 that plaintiff has the right to demand the use of the premises on an in lieu date within the same week without doing violence to the clear language used and without reading something into the lease which is not there.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.